IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY MILLER,

    Defendant.

Case No. 24-CR-127-JFH

## OPINION AND ORDER

Before the Court is a Motion to Revoke Order Setting Conditions of Release ("Appeal") filed by the United States of America ("Government"). Dkt. No. 65. In its Appeal, the Government seeks revocation of an order entered by United States Magistrate Judge Jodi F. Jayne setting conditions of release [Dkt. No. 63] for Defendant Gregory Miller ("Defendant"). The Court has reviewed Defendant's Response [Dkt. No. 70], along with the Government's Supplement [Dkt. No. 73]. For the following reasons, the Government's Motion to Revoke Order Setting Conditions of Release [Dkt. No. 65] is GRANTED.

## BACKGROUND

Defendant is charged by indictment with one count of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Dkt. No. 3. Specifically, the indictment alleges that on or about April 7, 2021, Defendant employed, used, persuaded, induced, enticed, and coerced [A.O.],[1] a minor who had not attained the age of 12 years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *Id.*

---

[1] Throughout the record, the alleged victim in the case is referred to as either A.O. or M.V. (minor victim). *See* Dkt. Nos. 1, 28, 31, 32, 37, 57, 65, 66, 70, 73. For consistency and clarity, the Court will refer to the alleged victim as A.O. in this Order.

Between March 2017 and February 2024, three referrals were made to the Oklahoma Department of Human Services ("DHS") based on allegations that Defendant engaged in sexually inappropriate conduct with his stepdaughters, A.O. and P.O. Dkt. No. 31-3; Dkt. No. 31-4; Dkt. No. 31-5. The first referral was made on March 9, 2017, based on allegations that Defendant was "grooming" P.O., who was approximately 8 years old at the time. Dkt. No. 31-3 at 1. During a forensic interview, P.O. stated that although she routinely bathed herself without assistance, on one occasion while her mother was not there, Defendant bathed her then told her to go into his room, where he applied lotion to her naked body. *Id.*; Dkt. No. 51-1 (sealed). While Defendant was applying the lotion, he touched P.O.'s vaginal area twice. Dkt. No. 31-3 at 1. The DHS documentation is inconsistent as to whether these allegations were substantiated or unsubstantiated, nonetheless, DHS did take further action.[2] *Id.* at 3.

The second referral was made on August 8, 2023, based on an allegation that Defendant was grooming and touching A.O., who was then eleven years old. Dkt. No. 31-4 at 1. When P.O. was forensically interviewed, she stated that A.O. told her that Defendant took A.O. to his bed, took "a bunch of pictures" of her, then "put his private part in her hand and it got all sticky." Dkt. No. 51-1 (sealed). P.O. wrote a letter to her mother detailing A.O.'s disclosure. *Id.* After their mother and Defendant "sat them down" to talk about A.O.'s disclosure, both girls said that A.O.

---

[2] In the "Summary/Recommendation" section of DHS' report to the District Attorney, DHS noted that the allegations were being substantiated based on indicia of reliability in P.O.'s forensic interview. Dkt. No. 31-3 at 2-3. However, the "Investigation Finding" section of the report indicates, without explanation, that the allegations were unsubstantiated. *Id.* at 3. A 2024 DHS report on a subsequent referral refers to the March 9, 2017 allegations as having been initially substantiated then overturned on appeal. Dkt. No. 31-5 at 3. There is no information regarding an appeal of the 2017 referral outcome in the record. However, based on the pagination of the 2017 report produced, it appears that the full report is 19 pages. Dkt. No. 31-3. Only pages 1-3 appear in the record. *Id.*

had lied about the abuse. Dkt. No. 31-4 at 1; No. 51-1 (sealed). DHS found the allegation to be unsubstantiated.

The third referral was made on February 9, 2024, based on allegations that Defendant secretly recorded P.O. taking a shower using the camera on his phone. Dkt. No. 35-1 at 1. When she was forensically interviewed, P.O. stated that one day when getting out of the shower, she saw Defendant's phone propped up with the camera pointing toward the shower, set to record video. *Id.* at 3. According to the DHS report, the 2024 allegation was substantiated after an investigation. *Id.*

Based on P.O.'s 2024 disclosure and the two previous DHS referrals, Special Agent Polo Villarreal of Homeland Security Investigations (HSI) obtained a warrant authorizing the search of Defendant's residence. Dkt. No. 31-11 at 17-20. Upon execution of the warrant, various electronic devices were seized, including cell phones, computers, and flash drives. Dkt. No. 31-2 at 13-14. One flash drive found in Defendant's nightstand contained photographs of a fully nude female child (under the age of 12). *Id.* at 15. The flash drive also contained a video depicting digital penetration of a child's vagina by what appeared to be an adult finger. *Id.* Based on the presence of certain identifying marks, the child in the photographs and video was identified as A.O. Dkt. No. 31-2 at 15-17; Dkt. No. 31-5 at 3. Features visible in the background of the photographs appeared to match features law enforcement officers observed when searching Defendant's residence. Dkt. No. 31-2 at 16-17. And metadata from at least one of the photographs indicated that: (1) the photograph was taken by an iPhone 6s Plus—which is the same type of phone seized from Defendant during the search; and (2) the photograph was taken at location with coordinates matching those of Defendant's residence. *Id.* at 17.

On April 16, 2024, an indictment was filed charging Defendant with one count of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Dkt. No. 3. After holding a detention hearing, Magistrate Judge Jodi F. Jayne ordered Defendant detained pending trial. Dkt. No. 16. Defendant filed a motion to reopen the detention hearing based on a material change in Defendant's proposed release plan. After holding a second detention hearing, Magistrate Judge Jayne ordered Defendant released pending trial. Dkt. No. 75 at 22. The Government announced its intent to appeal the ruling and Magistrate Judge Jayne granted the Government's request to stay the ruling pending a decision on the Government's appeal. *Id.* at 22, 26-27.

On July 30, 2024, the Government it's Appeal. Dkt. No. 65. And on August 8, 2024, the Government filed a supplement to the Appeal advising the Court that on August 5, 2024, A.O. was forensically interviewed and made disclosures regarding sexual abuse by Defendant. Dkt. No. 73 (sealed). In the interview, A.O. disclosed that Defendant sexually abused her for approximately four years, from the time she was six years old until she was ten years old. *Id.* According to A.O., when she was alone with Defendant—often when her mother was away for work—Defendant would force her to undress, look at her naked body, photograph her, touch her "down there," and make her touch him "down there." *Id.* When asked to identify her "down there" on a paper doll with female anatomy, A.O. marked the vaginal area. *Id.* When asked to identify Defendant's "down there" on a paper doll with male anatomy, A.O. marked the penial area. *Id.* A.O. also stated that after she got out of the shower, Defendant would sometimes cut her hair, lay her down on his bed, cover her eyes, and shave her legs. *Id.* A.O. told the interviewer that she tried to convince her mother that the abuse was occurring, but Defendant denied it. *Id.* According to A.O., she recanted her initial disclosure because she feared Defendant, who yelled at her and threatened

4

her. *Id.* A.O. stated that she feels safe telling the truth now because Defendant is in jail. *Id.* However, she recalls that when Defendant was arrested, he had firearms in his vehicle, and told the interviewer that she worries that Defendant will get out of jail and "come back and kill her." *Id.*

## AUTHORITY AND ANALYSIS

Under 18 U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. 3145(a). The Tenth Circuit requires this Court to conduct a *de novo* review of a magistrate judge's release order. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "On *de novo* review of a magistrate judge's order, the district court is charged with making 'an independent determination of the proper pretrial detention or conditions for release.'" *United States v. Garcia*, 445 Fed. Appx. 105, 108 (10th Cir. 2011) (unpublished and quoting *Cisneros*, 328 F.3d at 616 n.1).

Pursuant to 18 U.S.C. § 3142(f), the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of Defendant and protect the safety of any other person or the community. In making this determination, the Court must consider the following factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristic of the person, including –

    a. The person's character, physical and mental condition,

>> family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> b. Whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Here, Defendant is charged with a crime for which there is a presumption of detention. Specifically, Defendant is charged with production of child pornography, in violation of 18 U.S.C. § 2251(a). The pretrial detention statute states that a rebuttable presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the Court finds there is probable cause to believe that the person committed an offense involving a minor victim under any of a list of statutes, including § 2422. 18 U.S.C. § 3142(e)(3)(E). Defendant has been charged by indictment after presentation of evidence to the grand jury. *See* Dkt. No. 3. This is sufficient for the Court to find that probable cause exists and the presumption applies.

"Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced," and "[e]ven if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. As discussed more fully below, the Court finds that Defendant presented evidence as to flight risk and

6

danger to the community and, therefore, has met his burden of production. The Court notes, however, that the presumption will remain a factor for its consideration.

I. **Consideration of the 18 U.S.C. § 3142(g) factors.**

a. **The Nature and Circumstances of the Offense Charged.**

First, the nature and circumstances of the offenses charged weigh in favor of detention. Defendant is charged with the production of child pornography, in violation of 18 U.S.C. § 2251. Dkt. No. 3. Specifically, Defendant is alleged to have produced pornographic images and videos of his stepdaughter, who was under twelve years of age at the time. There is no doubt that these are serious allegations. Under § 2251(e), the offense is punishable by a term of imprisonment between fifteen (15) and thirty (30) years. Further, it is the type of offense contemplated in the § 3142 statutory presumption that no condition or combination of conditions could reasonably assure Defendant's appearance and safety to any other person and the community. 18 U.S.C. § 3142 (e)(3)(E). This factor weighs in favor of detention.

b. **The Weight of the Evidence.**

The evidence against Defendant includes: (1) three DHS referrals alleging that Defendant engaged in inappropriate sexual conduct with P.O. and A.O [Dkt. Nos. 31-3; 31-4; 35-1]; (2) a flash drive retrieved from Defendant's nightstand, which contained nude photos of A.O. as well as a video of A.O.'s vagina being digitally penetrated by an adult finger [Dkt. No. 31-2 at 13-17]; (3) metadata showing that the nude photographs of A.O. were taken at Defendant's residence by an iPhone 6sPlus, which is the same type of phone seized from Defendant during the search of his residence [Dkt. No. 31-2 at 16-17]; and (4) a forensic interview in which A.O. disclosed sexual abuse by Defendant spanning approximately four years and explaining that she recanted her initial

disclosure out of fear of Defendant [Dkt. No. 65 (sealed)].  Due to the significant weight of this evidence, this factor weighs in favor of detention.

### c. The History and Characteristics of the Person.

At the detention hearing, defense counsel proffered evidence regarding Defendant's history and characteristics which went to both risk of flight and danger to the community.  Magistrate Judge Jayne took judicial notice of the pretrial services report [Dkt. No. 74 at 9], which indicates that Defendant has ties to the community and had steady employment before he was arrested relative to the charges in this case.  Further, Defendant has minimal criminal history related to conduct which occurred approximately thirty-five (35) years ago and which is unrelated to the charged conduct in this case.  *Id.* at 14, 18.  While the Government suggests that Defendant could be a flight risk since he faces up to thirty (30) years imprisonment under § 2251(e), it concedes that there is no actual evidence that there is a risk of flight should Defendant be released.  Dkt. No. 65 at 6.  Taken together, the history and characteristics of Defendant weigh in favor of release.

### d. The Nature and Seriousness of the Danger to any Person or the Community.

Regarding this factor, Defendant argues that he is not a danger to the community because he has secured a stable place to stay where no one under the age of eighteen (18) lives or visits and where his access to the internet can be eliminated or restricted.  Dkt. No. 70 at 10.  Defendant further argues that there is no evidence that he has attempted to contact A.O., P.O., or their mother.  *Id.*  According to Defendant, conditions can be fashioned to reasonably assure that Defendant does not have contact with A.O. or other minor children.  *Id.* at 11.  The Court disagrees.  The allegations in this case are serious and generally indicate that Defendant poses a danger to others and the community.  Further, information contained in the DHS reports and A.O.'s August 5, 2024 forensic interview indicates that:  (1) Defendant sexually abused A.O. for a period of approximately four

8

years; (2) photographs and videos document some of the sexual abuse described by A.O.; (3) Defendant manipulated A.O. into recanting her initial disclosure; (3) Defendant intimidated and threatened A.O. so that she would not make further disclosures regarding the abuse; and (4) Defendant attempted to contact A.O.'s mother at least once since his arrest. Dkt. Nos. 31-3; 31-4; 31-5; 51-1 (sealed); 73 (sealed). Based on this evidence, the Court is satisfied that there is clear and convincing evidence that Defendant would represent an "identified and articulable threat" to the community should he be released on conditions. *Cisneros*, 328 F.3d at 619. This factor weighs in favor of detention.

## CONCLUSION

Having conducted a de novo review, the Court finds that although Defendant rebutted the presumption under 18 U.S.C. § 3142(e)(3), the Government showed by clear and convincing evidence that Defendant poses a danger to the community, and no condition or combination of conditions will alleviate this risk. Accordingly, Defendant will be detained pending trial.

IT IS THEREFORE ORDERED that the Government's Motion to Revoke Order Setting Conditions of Release [Dkt. No. 65] is GRANTED and the Order Setting Conditions of Release [Dkt. No. 63] is REVERSED.

IT IS FURTHER ORDERED that that Defendant shall be detained pending trial. Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Dated this 23rd day of August 2024.

>     _____
>     JOHN F. HEIL, III
>     UNITED STATES DISTRICT JUDGE