IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY MILLER,

        Defendant.

Case No. 24-CR-127-JFH

## OPINION AND ORDER

Before the Court is a motion to withdraw plea of guilty ("Motion") filed by Defendant Gregory Miller ("Defendant"). Dkt. No. 143. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On December 10, 2024, Defendant pleaded guilty to one count of producing child pornography, in violation of 18 U.S.C. §§2251(a) and 2251(e). The Presentence Report was disclosed February 10, 2025, and on February 11, 2025, the Court entered a sentencing scheduling order, and set the sentencing hearing for April 25, 2025. Dkt. No. 139. On February 25, 2025, Defendant's previous counsel filed a motion to withdraw indicating that Defendant wanted to withdraw his guilty plea, based in part, on a claim of ineffective assistance of counsel. Dkt. No. 140. On February 26, 2025, the Court entered an Order for substitute counsel. Dkt. No. 141. Defendant's new counsel filed the present Motion on March 9, 2025. Dkt. No. 143. The Court set a motion hearing for April 17, 2025 [Dkt. No. 146] and vacated the sentencing hearing pending a ruling on the Motion [Dkt. No. 145].

## AUTHORITY AND ANALYSIS

### I. Federal Rule of Criminal Procedure 11

Federal Rule of Criminal Procedure 11 provides, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes a sentence if: the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Cr. P. 11(d)(2)(B). The defendant bears the burden of establishing a "fair and just reason" for the withdrawal of a plea. *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). It is within the Court's sound discretion to determine what circumstances justify granting such a motion. *Id.* However, the Tenth Circuit has set out seven factors for the Court to consider in making its determination: "(1) whether the defendant has asserted his innocence; (2) prejudice to the Government; (3) delay in filing the motion; (4) inconvenience to the court; (5) the defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources." *Id.*

In determining whether to grant a motion to withdraw a guilty plea, particular emphasis is paid to factors 1, 5, and 6—because the Court "need not address" factors 2–4 and 7 "unless the defendant establishes a fair and just reason for withdrawing." *United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007).

### II. The Change of Plea Hearing

In anticipation of Defendant changing his plea to the charge in the Indictment, his attorneys presented him documents in jail, which included a Petition to Enter Plea of Guilty.[1] Dkt. No. 153 at 24; 32-33; Dkt. No. 135.

---

[1] The Petition to Enter Plea of Guilty form is used as standard practice in this District. There are several reasons for use of this document – the first and foremost of which is to aid counsel with an efficient, but thorough, tool to advise a defendant who desires to enter a plea of guilty and waive his right to a jury trial. More specifically, the Petition to Enter Plea of Guilty form helps advise a defendant of his rights and the rights which will be waived by entering a plea of guilty and

A. **Defendant's Petition to Enter Plea of Guilty**

By his Petition to Enter Plea of Guilty, Defendant made a number of representations to the Court. Dkt. No. 135. He represented that he had received and read a copy of the Indictment, discussed it with his counsel, and fully understood the charge against him. *Id*. at 1. He represented that he told counsel all the facts and circumstances known to him about the charge against him, he believed his counsel was fully informed on all such matters, and he was counseled and advised on the nature of the charge and all possible defenses he might have in the case. *Id.* Defendant acknowledged his right to plead "not guilty" and the constitutional rights guaranteed to him, including: the right to a speedy and public jury trial; the right to assistance of counsel; the right to see and hear all witnesses called to testify, with the right to cross-examine those witnesses; the right to use the power of the Court to compel the production of evidence against him and the attendance of witnesses in his favor; and the right not to testify with no inference of guilt to be drawn therefrom. *Id*.

Defendant represented that: "In regard to my right to a jury trial, I know that I am the only person that can waive, that is, give up that right." *Id*. And he represented that: "I know that, if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court of a jury, and further, I realize that the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury." *Id*. at 2.

Defendant further represented that:

---

executing an associated waiver of jury trial. It does not displace the plea colloquy between the court and a defendant through a change of plea hearing. Rather, it serves to educate a defendant of his rights in advance of a change of plea hearing. This helps ensure that a defendant is ready for a change of plea hearing.

> I know the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following act(s) in connection with the charge(s) made against me:
>
> <u>Between March and April 2021, I made M.V., a minor, pose for sexually explicit photos. I used an iPhone to produce sexually explicit photos. I used a computer and flash drive to store the photographs. These items moved in interstate commerce before reaching Oklahoma. This conduce occurred in Tulsa County, Oklahoma, in the Northern District of Oklahoma.</u>

*Id*. (emphasis in original). Defendant further represented to the Court that, in entering his plea of guilty, he was not relying any representation from his attorney or from the Government or any other source that has not been revealed to the Court and made a part of the record. *Id.* Defendant also represented that:

> I know that the Court will not permit anyone to plead "GUILTY" who maintains (s)he is innocent and, with that in mind, because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY," respectfully request the Court to accept my plea of "GUILTY," and to have the Clerk enter my plea of "GUILTY," as follows:
>
> <u>Guilty as charged in Count 1 of the Indictment.</u>

*Id* (emphasis in original).

Defendant went on to represent his knowledge of the statutory minimum sentence of 15 years of imprisonment that would be imposed, as well as the maximum sentence of 30 years of imprisonment that could be imposed, in additional to a possible fine up to $250,000, and a special monetary assessment of $100, along with a mandatory term of supervised release up to 5 years. *Id.* at 3. Defendant also acknowledged the various aspects of sentencing and made representation of his state mind. Specifically, Defendant represented that: "My mind is clear. I am not under the influence of alcohol or drugs, and I am not under a doctor's care." *Id.* at 4.

Finally, Defendant represented:

> I offer my plea of "GUILTY" freely and voluntary, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of

4

> "GUILTY" with full understanding of all the matters set forth in the Indictment and in this petition, and in the certificate of my attorney which is attached to this petition.

*Id.*[2] Through discussion with his counsel, Defendant was informed that the matter was being set for a change of plea hearing on December 10, 2024. Dkt. 153 at 33.

### B. Defendant's Testimony Before Magistrate Judge Steele

On December 10, 2024, Defendant appeared before Magistrate Judge Steele for a change of plea hearing. Defendant was placed under oath and swore to tell the truth, the whole truth, and nothing but the truth. Dkt. No. 149 at 4. Defendant consented to proceed with his change of plea before a Magistrate Judge and signed the consent form. *Id.* at 4-5; Dkt. No. 133.

Magistrate Judge Steele advised Defendant that, before he could accept Defendant's plea, he must be satisfied that Defendant understood his rights, the consequences of his plea, that Defendant was pleading guilty voluntarily, and that there was a factual basis for the plea. Dkt. No. 149 at 5. The record bears appropriate colloquy between Magistrate Judge Steele and Defendant to assess these issues, including:

> COURT: Can you think of any reason why you cannot participate in these proceedings today?
>
> DEFENDANT: No, sir.

*Id.* at 5-7.[3]

After Defendant stated that he wished to enter a plea of guilty, Magistrate Judge Steele advised him:

---

[2] *See id.* at 6 (Certificate of Counsel).

[3] Defendant's counsel further expressed belief that Defendant fully understood the proceeding and was competent to proceed with his plea. *Id.* at 7. And Magistrate Judge Steele found Defendant mentally competent proceed with his plea. *Id.*

5

>   COURT:    If you plead guilty to the charge, you will be giving up several constitutional and other rights.  I will detail those rights for you at this time.  You have a right to plead not guilty to any offense.  And if you've already plead not guilty, you can stick with that plea.  Do you understand?
>
>   DEFENDANT:    Yes, sir.

*Id*. at 7-8.  Magistrate Judge Steele further advised Defendant of his right to a jury trial, his right to be represented by counsel, his right to see and hear all witnesses and have his attorney question them.  *Id.* at 8.  Defendant was advised of his constitutional right not to testify as well as his right to present his own evidence.  *Id*. at 8.  He was advised of the government's burden of proof at trial.  *Id*. at 8-9  And he was advised of his right to appeal if convicted at trial.  *Id.* at 9  The colloquy with Defendant continued:

>   COURT:    Do you understand that, if you enter a plea of guilty and it is accepted by the Court, there will be no trial and you will have waived all of these trial and appellate rights?
>
>   DEFENDANT:    Yes, sir.
>
>   COURT:    Understanding all that I've explained to you, it is your desire to waive your right to a jury trial?
>
>   DEFENDANT:    Yes, sir.

*Id*.[4]  Thereafter, Defendant executed a waiver of jury trial form.  *Id;* Dkt. No. 134.

>   Magistrate Judge Steele continued inquiry of Defendant:
>
>   COURT:    All right.  Has anyone made any promises, representations, or guarantees to get you to plead guilty in this case?
>
>   DEFENDANT:    No, sir.
>
>   COURT:    Has anyone attempted, in any way, to threaten you, your family, or anyone else, to force you to plead guilty?
>
>   DEFENDANT:    No, sir.

---

[4] Defendant's counsel also confirmed satisfaction to Magistrate Judge Steele that Defendant's waiver was "freely, voluntarily, and knowingly made."  *Id.*

6

\* \* \*

> COURT: Okay. Have you had enough time to fully conf - -- confer with your attorney?
>
> DEFENDANT: Yes.
>
> COURT: All right. Are you fully satisfied with the counsel, representation, and advise given to you in this case by your attorney?
>
> DEFENDANT: Yes, sir.

*Id* at 10-12. Magistrate Judge Steele explained the elements the crime of production of child pornography that the Government would be required to prove beyond a reasonable doubt and assured Defendant understood them. *Id*. at 12. And he had the Government detail the minimum sentence of 15 years imprisonment and maximum sentence of 30 years imprisonment along with the fine, special monetary assessment and term of supervised release Defendant faced upon a guilty plea. *Id.* And then Magistrate Judge Steele addressed the specific factual basis in the case required to take Defendant's guilty plea:

> COURT: Will the Government please summarize what it is prepared to prove in order to establish the factual basis for the charge contained within the Indictment?
>
> GOVERNMENT: At trial, the United States would be prepared to prove beyond a reasonable doubt that, in February 2024, after receiving a call from DHS, a search warrant was conducted on the Defendant's home and various electronic devices were seized and later searched. Images and videos of the Defendant's youngest stepdaughter, the named victim in this case, were found on some of the Defendant's devices, including a thumb drive found in the Defendant's bedside table and his HP laptop. The metadata of these images and videos showed time and date stamps from -- that showed that they were taken between March 9th of 2021 to April 7th of 2021, and they were Go-located to the residence. And it showed that they were taken with an iPhone 6 Plus. At the time the photos were taken, the minor was 8 years old. The images and videos meet the definition of sexually explicit conduct under 18 USC 2256(2)(A). The minor later disclosed that the Defendant was the one who had taken photos of her.
>
> COURT: Sir, do you agree with the prosecutor's summary of your conduct?
>
> DEFENDANT: Yes.

> COURT: In your own words, please tell me what you did.
>
> DEFENDANT: Between March and April of 2021, I made MV, a minor, pose for sexually explicit photos. I used an iPhone to produce sexually explicit photos. I used a computer and flash drive to store the photos. These items moved in interstate commerce before reaching Oklahoma. This conduct occurred in Tulsa County, Oklahoma, in the Northern District of Oklahoma.

*Id.* at 15-16. Then, after again inquiring of counsel to be assured that Defendant's was entering into a guilty plea "freely, voluntarily, and with full knowledge of the consequences of the plea," Magistrate Judge Steele asked Defendant:

> COURT: Mr. Miller, how do you plead to the sole charge in the Indictment?
>
> DEFENDANT: Guilty.
>
> COURT: Is you plea of guilty made voluntarily, and freely, or your own choice?
>
> DEFENDANT: Yes, sir.
>
> COURT: Did you review the Petition to enter the Plea of Guilty and do you agree with the statements contained with it?
>
> DEFENDANT: Yes, sir.

*Id.* at 16-17. Defendant then signed the Petition to Enter Plea of Guilty and initiated each page. *Id.* at 17; Dkt No. 135.[5]

### III. Defendant's Claims

Two months after Defendant's change of plea hearing, the Presentence Report was disclosed on February 10, 2025, and on February 11, 2025, the Court entered a sentencing scheduling order setting the sentencing hearing for April 25, 2025. Dkt. No. 139. Then, for the

---

[5] Defendant expressed his belief that he signed the Petition to Enter Plea of Guilty days before the change of plea hearing while he was in jail. Dkt. No. 153 at 28. This Court notes that would be contrary to the normal procedure of this Court, contrary to the Petition to Enter Plea of Guilty which indicates it was "[s]ubscribed and sworn before" the Duty Clerk on December 10, 2024, and contrary to the transcript of the change of plea hearing. Dkt. No. 149 at 17.

first time - on February 25, 2025 - the Court was notified that Defendant wanted to withdraw his guilty plea. Dkt. No. 140. Now, the Court addresses Defendant's present claim, that is: "Defendant contends that he has maintained his innocence throughout these proceedings and that his plea of guilty was not made knowingly and voluntarily." Dkt. No. 143 at 2. For the reasons set forth herein, this Court finds that Defendant has not shown a fair and just reason for requesting the withdrawal of his guilty plea.

      A.      **Factor One - Assertion of Innocence**

To satisfy the assertion of innocence factor, a defendant must establish "a *credible* claim of legal innocence." *Hamilton*, 510 F.3d at 1214 (emphasis in the original). The defendant must offer support or "affirmatively advance an objectively reasonable argument that he is innocent." *Id.* A defendant may also present reasons why the belatedly asserted defenses were not put forward at the time of the original proceedings, *United States v. Cervantes*, 115 Fed. App'x 1, 8-9 (10th Cir. 2004), but the claims of innocence must have some objective reliability. "[T]he assertion of a defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." *United States v. Hickok*, 907 F.2d 983, 985 n.2 (quotation and alteration omitted).

Here, although Defendant claims to have maintained his innocence "throughout the proceedings" [Dkt. No. 143 at 2-4], this claim is belied by the record. As detailed above, both the Petition to Enter Plea of Guilty and the colloquy between Magistrate Judge Steele and Defendant completely contradict Defendant's claim. Frankly, this Court finds that Defendant's claim is not credible.

Defendant suggests three reasons for his guilty plea, each of which is unimpressive and unavailing. First, Defendant suggests that he was not in the right frame of mind to understand the

9

change of plea proceeding and the rights which he waived because he was served with divorce papers on November 26, 2024. Of course, Defendant never mentioned this – or any other reason for concern – as something that might impact his state of mind. And he was certainly provided more than sufficient opportunity to do so by Magistrate Judge Steele. Further, the Court notes two things that further make Defendant's claim incredible. Not only did he receive the divorce papers *two weeks prior to the change of plea hearing*, but his receipt of such papers actually came as no surprise to him. Indeed, by Defendant's own testimony, his divorce papers had actually been prepared since May. Dkt. No. 153 at 7. According to Defendant, he was concerned that he "would lose everything" in the divorce if he didn't obtain an attorney. Yet, this Court is hard-pressed to believe that Defendant's potential loss of assets concerned him more that his own freedom, which Defendant clearly acknowledged was at risk by pleading guilty to production of child pornography. *Id*. at 41-46.

Next, Defendant contends that his ADHD that was diagnosed in 2010 is to blame for him unknowingly pleading guilty. At some point previously, Defendant had been prescribed Adderall for his ADHD, but Defendant had not been under this prescription since 2023 – well before the change of plea hearing. Given the thorough record in this case, not to mention Defendant's failure to even mention this issue when given the opportunity to do so before Magistrate Judge Steele, this Court is not persuaded that Defendant suffered from any mental deficiency that caused him not to understand the proceedings.

Finally, Defendant fixes blame on his previous counsel for his plea of guilty. Despite hearing the consequences of his guilty plea – indeed, facing up to 30 years in prison – Defendant would have this Court believe that he plead guilty simply because "Malia said I needed to say that." Dkt. No. 153 at 41-46. Despite Defendant's acknowledgement of its alarming nature,

Defendant expressly admitted to his detailed conduct which formed a factual basis for his guilty plea to production of child pornography in both the Petition to Enter Guilty Plea and in open court before Magistrate Judge Steele. Dkt. No. 135; Dkt. No. 149 at 15-16; *Id.* at 41-45. And, according to Defendant, he did this because "Malia said I needed to say that." *Id.* at 45. This Court does not find Defendant's testimony credible. Simply put, Defendant has not shown a credible claim of legal innocence.

### B. Factor 5 – Assistance of Counsel

This factor relates to "the quality of the defendant's assistance of counsel." *United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000). When a defendant challenges his guilty plea based on ineffective assistance of counsel, the test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) applies. To prevail, Defendant must show that: (1) his counsel's performance was deficient; and (2) this deficiency prejudiced his defense. *See Hamilton*, 510 F.3d at 1216.

Leading up to the change of plea hearing, Defendant was represented by three attorneys from the Federal Public Defender's Office: Robert Williams, Malia Castillo, and Jacqueline Witt. Dkt. Nos. 8, 30, 61. Defendant argues that his attorneys' failure to assess his mental state and cognitive capacity constitutes deficient representation at a critical stage. Dkt. No. 143 at 3. But, once again, Defendant's claim is not borne out in the record. Defendant's Petition to Enter Plea of Guilty (of which Defendant initialed every page and signed) and the plea colloquy with Magistrate Judge Steele completely undermine his claim. Dkt. No. 153 at 29; Dkt. 135.[6]

---

[6] At the hearing on Defendant's motion to withdraw guilty plea, Defendant told this Court that, despite testifying under oath to Magistrate Judge Steele that he read the Petition to Enter Guilty Plea, he actually did not do that. Dkt. No. 153. Yet, when asked to explain how this Court could believe his position, he simply stated: "I don't have an answer for that." This Court does not have an answer either and it will not attempt to conjure one given that it is Defendant's burden to do so.

11

At the hearing on Defendant's motion to withdraw his guilty plea, Defendant testified that he was having trouble understanding portions of the change of plea hearing. Dkt. No. 153 at 14, 34. However, Defendant has failed to offer sufficient facts to support the claim that his mental state was so compromised that his attorneys should have inquired about his mental condition beyond that of Magistrate Judge Steele. During the change of plea hearing, Magistrate Judge Steele emphasized the importance of Defendant understanding and consenting to the proceeding. Nonetheless, at no point did Defendant express confusion or ask for clarification. Rather, he attested to his soundness of mind and expressed his satisfaction with his complete counsel. Based on the record, the Court cannot conclude that Defendant's prior counsel was deficient.

### C.     Factor 6 – Knowing and Voluntary Plea

A defendant's plea is knowing and voluntary when the record shows that the court followed the requirements of Rule 11, "by discussing with the defendant, among other things: the nature of the charges…the maximum penalty provided by law…the right to a jury trial…and to have the government prove all the elements of the offense beyond a reasonable doubt." *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991); *see also United States v. Brady*, 397 U.S. 742, 755 (1970) (guilty plea entered by a defendant who is aware of the direct consequences of his plea "must stand unless induced by threats…misrepresentation (including unfulfilled or unfillable promises), or perhaps by promises that are by their nature improper").

The record as set forth herein demonstrates Defendant's guilty plea was made knowingly and voluntarily. The record establishes that at the change of plea hearing, Magistrate Judge Steele advised Defendant of the charge against him, his right to a jury trial, and the consequences of pleading guilty. Despite having numerous opportunities to do so, Defendant did not indicate he was having trouble understanding the proceedings, nor did he express any reservation about

accepting responsibility for the charged conduct. To the extent Defendant now claims that his change of plea was a result of a compromised mental state and pressure by his counsel, this Court is not persuaded. As discussed above, the record does not indicate that Defendant had any trouble understanding the consequences of pleading guilty. To the contrary, he repeatedly affirmed his soundness of mind, his desire to plead guilty, and his culpability for the offense charged. The Court concludes that Defendant entered his guilty plea knowingly and voluntarily.

In sum, the Court finds that Defendant has not presented a fair and just reason to permit withdrawal of his guilty plea. Accordingly, the Court need not address the remaining factors because they speak to the potential burden to the Government and the Court, rather than Defendant's reason for withdrawal. *See Sanchez-Leon*, 764 F.3d at 1258; *Marceleno*, 819 F.3d at 1272 ("If the assertion-of-innocence, knowing-and-voluntary, and ineffective-assistance-of-counsel factors all weigh against the defendant, a district court need not consider the remaining four factors.").

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to withdraw plea of guilty [Dkt. No. 143] is DENIED.

Dated this 25th day of April 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE